**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

JOHN M. DAVIS                                                                                    PETITIONER
Reg. #84034-012

v.                             CASE NO.: 2:08CV00072 BD

T.C. OUTLAW,                                                                                     RESPONDENT
Warden, FCI- Forrest City

**MEMORANDUM OPINION AND ORDER**

All parties consented to disposition of this case by a Magistrate Judge (docket entry # 23). For the reasons that follow, Petitioner's petition for writ of habeas corpus (#2) is dismissed with prejudice.

**I.    Background:**

Petitioner John M. Davis pled guilty to possession of a firearm which had the manufacturer's serial numbers removed or obliterated after the firearm had been transported in interstate or foreign commerce, under 18 U.S.C. § 922(k), in the United States District Court for the Western District of Oklahoma. Petitioner was sentenced to sixty months in the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Complex (Low) in Forrest City, Arkansas ("FCC-FC").

Petitioner brings this habeas petition seeking relief under 28 U.S.C. § 2241.[1] He claims that the is being "denied due process" because Respondent refuses to admit him into the Residential Drug Abuse Program ("RDAP) at FCC-FC.  If Petitioner successfully completes the RDAP, he would be eligible for early release.

Respondent contends that, under its policies, Petitioner is not eligible to participate in the program because he does not have documents in his central file to corroborate a drug abuse problem.  In his response, Petitioner argues the BOP's policies are unreasonable.

## II.     Analysis:

### A.     *The RDAP*

The BOP offers the RDAP to inmates identified as having a substance abuse problem.  As an incentive for successful completion of the program, Congress enacted 18 U.S.C. § 3621(e), which allows the BOP to reduce nonviolent offenders' sentences by up to one year upon completion of the program.  18 U.S.C. § 3621(e)(2)(B).

The BOP has broad authority, under the federal regulations, to manage the enrollment of prisoners in drug abuse treatment programs.  See 28 C.F.R. § 550.53 (providing that upon interviewing a new inmate and reviewing his or her records, the BOP's drug abuse treatment staff will make an appropriate drug treatment referral); 28

---

[1] Respondent does not argue that Petitioner has not exhausted his administrative remedies.  Accordingly, the Court is assuming, without deciding, that Petitioner has fully exhausted.

C.F.R. § 550.54(a)(1)(iii) (denying district courts the authority to order a defendant's participation in a prison drug rehabilitation program); 28 C.F.R. § 550.56(b) (allowing the drug abuse treatment coordinator to decide whether an inmate is placed in a residential drug abuse treatment program); 28 C.F.R. § 550.56(d)(2) (giving the drug abuse treatment coordinator the authority to remove an inmate from a program if the inmate behaves disruptively).

Under 18 U.S.C. § 3621(e)(5)(B), an "eligible prisoner" is defined as a prisoner who is "(i) determined by the Bureau of Prisons to have a substance abuse problem; and (ii) willing to participate in a residential substance abuse treatment program." Under 28 C.F.R. § 550.56(a), the inmate must have a verifiable, documented, drug abuse problem. The BOP retains broad discretion to determine who among those statutorily eligible inmates are appropriate candidates for early release. *Grove v. Federal Bureau of Prisons*, 245 F.3d 743, 747 (8th Cir. 2001) (citing *Bellis*, 186 F.3d 1092, 1094 (8th Cir. 1999)).

The BOP has issued Program Statements regarding the RDAP including a "Drug Abuse Programs Manual, Inmate." Program Statement No. 5330.10, § 5.4.1s(a) provides that, "program staff shall determine if the inmate has a substance abuse disorder by first conducting the Residential Drug Abuse Eligibility Interview followed by a review of all pertinent documents in the inmate's central file to corroborate self-reported information." Program Statement No. 5330.10, § 5.4.1s(a). The inmate must meet the diagnostic criteria for substance abuse or dependence indicated in the Diagnostic and Statistical

Manuel of the Mental Disorders, Fourth Edition, (DSM-IV). *Id*. Additionally, there must be verification in the Presentence Investigaton (PSI) report or other similar documents in the inmate's central file which supports the diagnosis. *Id*. "Any written documentation in the inmate's central file which indicates that the inmate *used* the *same substance*, for which a diagnosis of the abuse or dependence was made via the interview, shall be accepted as verification of a drug abuse problem." Program Statement 5330.10, CN-01, May 17, 1996, Ch. 5, p. 4. (emphasis in original).

    B.    *Due Process*

In order to obtain relief under 28 U.S.C. § 2241, a petitioner must allege and demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The only constitutional argument raised by Petitioner is a due process issue. To support a due process claim, Petitioner must establish an infringement of a protected liberty interest. *Ragan v. Lynch*, 113 F.3d 875, 876 (8th Cir. 1997) (citing *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705 (1972)).

Petitioner claims that because 18 U.S.C. § 3621(e) provides an opportunity for a reduced sentence after completion of the RDAP, the statute creates a liberty interest for purposes of due process. However, the Constitution does not itself afford a prisoner a liberty interest in a reduced sentence, and the United States Supreme Court has held that a convicted person has no constitutional or inherent right to be conditionally released

before the expiration of a valid sentence.  See *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100 (1979); see also *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995) (possibility of early release is not a liberty interest).

Further, 18 U.S.C. § 3621(e) provides that the BOP *may* reduce an inmate's sentence upon completion of the program.  Under the statute, the BOP maintains discretion not to reduce the sentence.  Accordingly, there is no vested liberty interest on which to base a due process claim.  See *Richardson v. Joslin*, 501 F.3d 415, 420 (5th Cir. 2007); *Hunnicutt v. Hawk*, 229 F.3d 997, 1001 (10th Cir. 2001); *Trobaugh v. Hawk*, 19 Fed.Appx. 461, 462 (8th Cir. 2001) (*per curiam*).

Because Petitioner does not have a protected liberty interest, the Court need not assess the reasonableness of the BOP's policies regarding admission to the RDAP. Considering the facts of this case, however, Respondent's denial of Petitioner's application for admission to the RDAP appears reasonable.  Petitioner has not provided the BOP any documents from its central file to corroborate a current drug problem. Petitioner was out of prison for six years prior to his current incarceration.  The PSI for his current sentence does not mention Petitioner's use of addictive substances.[2]

---

[2] The parties have not provided the Court with the Petitioner's PSI for his current sentence.  However, in a pleading recently filed with the Court that entered the judgment and commitment order in which Petitioner seeks a recommendation to the RDAP, he admits that a drug abuse problem "was left *out* of his 2006 PSI (Oklahoma)." *United States v. Davis*, CR 5:06CR00169-M-1, docket entry #60 filed Oct. 31, 2008.

Petitioner points to a PSI from a conviction in the United States District Court for the Central District of California in October, 1986 as "documentation" supporting his self-reported, drug problem. However, Respondent's rejection of the PSI as evidence corroborating a current drug problem is reasonable considering the PSI is from more than nine years prior to his current conviction.

**III.    Conclusion**:

Petitioner does not have a protected liberty interest in admission to the RDAP in order to establish a due process violation. Accordingly, the petition for writ of habeas corpus (#2) is dismissed with prejudice.

IT IS SO ORDERED this 25th day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE